USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____6/29/20____

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiffs*
*Moose Toys Pty LTD, Moose Creative Pty LTD,*
*Moose Enterprise Pty LTD and*
*Moose Creative Management Pty LTD*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOSE TOYS PTY LTD, MOOSE CREATIVE PTY LTD, MOOSE ENTERPRISE PTY LTD, and MOOSE CREATIVE MANAGEMENT PTY LTD, <br><br> *Plaintiffs* <br><br> v. <br><br> ADDITION, AMAZINGHOURSE, AMAZING-WOMEN, AQWXHYG, BABOHOUSE, BABY E-COMMERCE, BABY_MUMMY, BANANA BOW, BAYUEGESANG, BEAR'S-PAW, BESTFRUITBASKET, BESTU, BIGGDERAM, BLACKROSEFLOWER, BRANTY, CANDINYSEASON, CHEAPCHEAPHOME, CHENSIPENG, CHENXINTAO, CHINA GOOD COMMODITY, CINDERELLA CASTLE, CLOUDLING, CYLIN, DEALMORE, DMENZHIHAO, ETERNAL FADE, FEMALE'S SHOP, FREDERICA7, FUKEYANG, FULLSTARS, FUQIAN1993, GILT, GONGJIYAYAYA, GOODSGOGO, GREATTOUCH, HMKERY, HUYAFEI58, | CIVIL ACTION No. **18-cv-9262 (AJN)** <br><br> ~~**[PROPOSED]**~~ **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

IBAY, JIANGMEIQIN, JUSTEPEAN, JUZIAIMEILI, LAOTAITAISHOP, LEOLIN459, LEOPARD 666, LHZHENG875, LIBERTY CUTE, LIUXIAOXUE, LIXIAOLI123LIXIAOLI, LIYAN11, LIYANQING, LOCAL_KING, LOVEINSEATTLE, LUOPINGYAN1985, MIKE1992, MINI. COCCO, MINMINNVZHUANG, NANJIEMAYUN, NUAN XIAO WU, OPPOHERE, PENGPENGHUI520, PENGXIAOYUE, QINGGUOCHAODIAN, REDROSEFLOWER, RENEWIT, SELF-ABANDONMENT PEOPLE, SHANGDONGSHANG, SHENGHUOYANGGUANGYULU, SIMSPEELGOED, SMILELIKEACHILD, SPARKLESHINE, SUP_INN, TENGXWYAPP, THE DEW FOOTWEAR, VASIONTOPMERIT, VISIONALPARK, WAITINGFOUYOU, WANGDACHUI, WANGTONG992, WANGWANWAN520520, WEIXIAOMING1, WENWEN198905011, WHITE IN, WSXERN, WZJWZJ, XIANGTINGTING345, XIAOBAOZHEN, YALIPUJIANG, YANGYONGBANG, YUEMEIRENAIYUE, ZHANGDONGMEI43, ZHANGNISTORE, ZHUAOHUANHUAN0606, ZJUN156 AND ZYT15919,

*Defendants*

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|------|-----------|----------------------|
| **Plaintiffs or "Moose"** | Moose Toys Pty LTD, Moose Creative Pty LTD, Moose Enterprise Pty LTD and Moose Creative Management Pty LTD | N/A |
| **Defendants** | addition, amazinghourse, amazing-women, AQWxhYG, babohouse, BABY E-commerce, baby_mummy, banana bow, bayuegesang, Bear's-paw, bestfruitbasket, bestu, biggderam, blackroseflower, Branty, candinyseason, cheapcheaphome, chensipeng, chenxintao, China good commodity, Cinderella castle, CLOUDLING, Cylin, Dealmore, dmenzhihao, eternal fade, Female's shop, Frederica7, fukeyang, Fullstars, fuqian1993, Gilt, gongjiyayaya, goodsgogo, Greattouch, hmkery, huyafei58, Ibay, jiangmeiqin, justepean, juziaimeili, laotaitaishop, LEOLIN459, leopard 666, lhzheng875, liberty cute, liuxiaoxue, lixiaoli123lixiaoli, liyan11, liyanqing, local_king, Loveinseattle, luopingyan1985, Mike1992, Mini. Cocco, minminnvzhuang, nanjiemayun, nuan xiao wu, oppohere, pengpenghui520, pengxiaoyue, qingguochaodian, Redroseflower, renewit, self-abandonment people, shangdongshang, shenghuoyangguangyulu, Simspeelgoed, smilelikeachild, SparkleShine, Sup_inn, tengxwyapp, The dew footwear, vasiontopmerit, visionalpark, waitingfouyou, wangdachui, wangtong992, wangwanwan520520, weixiaoming1, wenwen198905011, White In, wsxern, wzjwzj, xiangtingting345, xiaobaozhen, yalipujiang, yangyongbang, yuemeirenaiyue, zhangdongmei43, zhangnistore, zhuaohuanhuan0606, zjun156 and zyt15919 | N/A |
| **Defaulting Defendants** | addition, banana bow, bestu, chenxintao, China good commodity, CLOUDLING, fuqian1993, laotaitaishop, LEOLIN459, Mike1992, nuan xiao wu, oppohere, self-abandonment people, waitingfouyou, wangdachui, wangtong992, weixiaoming1, wenwen198905011, yalipujiang, and zyt15919 | N/A |
| **Wish** | A San Francisco, California-based, online marketplace and e-commerce platform located at Wish.com, which is owned by ContextLogic, Inc., that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on October 10, 2018 | 10 |
| **Complaint** | Plaintiffs' Complaint filed on October 10, 2018 | 11 |

| Application | Plaintiffs' *ex parte* application for: 1) a temporary restraining order; 2) order restraining assets and Merchant Storefronts (as defined *infra*); 3) order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service by electronic means and 5) an order authorizing expedited discovery filed on October 10, 2018 | 17-21 |
|---|---|---|
| Groves Dec. | Declaration of Michelle Groves in Support of Plaintiffs' Application | 20 |
| Wolgang Dec. | Declaration of Spencer Wolgang in Support of Plaintiffs' Application | 21 |
| Arnaiz Dec. | Declaration of Jessica Arnaiz in Support of Plaintiffs' Application | 19 |
| TRO | 1) Temporary Restraining Order; 2) Order Restraining Assets and Merchant Storefronts; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Alternative Service by Electronic Means and 5) Order Authorizing Expedited Discovery entered on October 10, 2018 | 23 |
| PI Show Cause Hearing | October 23, 2018 hearing to show cause why a preliminary injunction should not issue. | N/A |
| PI Order | October 24, 2018 Preliminary Injunction Order | 6 |
| Amended PI Order | October 26, 2018 Preliminary Injunction Order | 27 |
| User Account(s) | Any and all websites, any and all accounts with online marketplace platforms such as eBay.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them | N/A |
| Merchant Storefront(s) | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products, including Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| Pikmi Pops Products | One of the most popular Moose Brands, a plastic lollipop vessel with a sweet-smelling, miniature plush character and an assortment of "surprises," such as stickers, charms and unique messages inside the lollipop vessel | N/A |

| | | |
|---|---|---|
| **Pikmi Pops Marks** | U.S. Trademark Registration No. 5,455,654 for the wordmark "PIKMI POPS SURPRISE!" for a wide variety of goods in Classes 16 and 28, U.S Trademark Registration No. 5,357,254 for "PIKMI POPS" for a variety of goods in Classes 16 and 28, U.S. Trademark Registration No. 3,363,052 for for a for a wide variety of goods in Classes 22, 23, 28, 38 and 50 and U.S. Trademark Registration No. 5,178,557 for for a wide variety of goods in Classes 9, 16 and 28 | N/A |
| **Pikmi Pops Works** | U.S. Copyright Registration No. VA 1-2-073-582 covering the Pikmi Pops Collector's Guide and characters, U.S. Copyright Registration No. VA 2-078-671 covering the Pikmi Pops Packaging Artwork and U.S. Copyright Registration No. VA 2-100-433 covering the Pikmi Pops Season 2 Collector's Guide and characters, as well as numerous common law copyrights | N/A |
| **Counterfeit Products or Infringing Products** | Products bearing or used in connection with the Pikmi Pops Marks and/or Pikmi Pops Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Pikmi Pops Marks and/or Pikmi Pops Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Pikmi Pops Marks and/or Pikmi Pops Works and/or products that are identical or confusingly or substantially similar to the Pikmi Pops Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as eBay, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong"), and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online platforms, including, without limitation, those owned and operated, directly or indirectly by eBay, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell | N/A |

| | | |
|---|---|---|
| | and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiffs' Motion for Default Judgment** | Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on June 6, 2019 | TBD |
| **Yamali Aff.** | Affidavit by Danielle S. Yamali in Support of Plaintiffs' Motion for Default Judgment | TBD |
| **Wish Discovery** | The supplemental report identifying Defendants' Infringing Product Id, Merchant Id, Merchant Real Person Name, Email Address, Physical Address, Product Lifetime Units Sold and Product Lifetime GMV, provided by counsel for ContextLogic to Plaintiffs' counsel pursuant to the expedited discovery ordered in both the TRO, PI Order and Amended PI Order | N/A |

This matter comes before the Court by motion filed by Plaintiffs Moose Toys Pty LTD, Moose Creative Pty LTD, Moose Enterprise Pty LTD and Moose Creative Management Pty LTD for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition, copyright infringement and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiffs' Pikmi Pops Marks and Pikmi Pops Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Danielle S. Yamali in support of Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.    **Defaulting Defendants' Liability**

1) Judgment is granted in favor of Plaintiffs on all claims properly plead against Defaulting Defendants in the Complaint;

## II.    **Damages Awards**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiffs have sufficiently set forth the basis for the statutory

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Complaint, Application or Glossary.

1

damages award requested in their Memorandum of Law in Support of their Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiffs are awarded statutory damages against each of the Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act as follows ("Defaulting Defendants' Individual Damages Award"), plus post-judgment interest:

| DEFAULTING DEFENDANT | REQUESTED STATUTORY DAMAGES | |
|---|---|---|
| laotaitaishop | $50,000.00 | |
| Mike1992 | $50,000.00 | |
| nuan xiao wu | $50,000.00 | |
| self-abandonment people | $50,000.00 | |
| wangtong992 | $50,000.00 | $25,000 |
| addition | $50,000.00 | |
| banana bow | $50,000.00 | |
| weixiaoming1 | $50,000.00 | |
| wenwen198905011 | $50,000.00 | |
| zyt15919 | $50,000.00 | |

| | |
|---|---|
| yalipujiang | $50,000.00 |
| bestu | $50,000.00 |
| fuqian1993 | $50,000.00 |
| China good commodity | $50,000.00 |
| chenxintao | $50,000.00 |
| oppohere | $50,000.00 |
| CLOUDLING | $50,000.00 |
| waitingfouyou | $50,000.00 |
| LEOLIN459 | $50,000.00 |
| wangdachui | $75,000.00 |

### III.   Permanent Injunction

1)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Pikmi Pops Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Pikmi Pops Marks and/or incorporating the Pikmi Pops Works and/or artwork that is substantially similar to, identical to and constitute infringement of the Pikmi Pops Works;

B. directly or indirectly infringing in any manner any of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Pikmi Pops Marks and Pikmi Pops Works;

C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Pikmi Pops Marks and Pikmi Pops Works to identify any goods or services not authorized by Plaintiffs;

D. using any of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Pikmi Pops Marks and Pikmi Pops Works, or any other marks or artwork that are confusingly or substantially similar to the Pikmi Pops Marks and Pikmi Pops Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the

trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiffs;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

    i.   Defaulting Defendants' User Accounts and/or Merchant Storefronts;

    ii.  Defaulting Defendants' Assets; and

    iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiffs any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the

possession, custody or control of Defaulting Defendants that infringe any of Plaintiffs' trademarks, copyrights or other rights including, without limitation, the Pikmi Pops Marks and Pikmi Pops Works, or bear any marks or artwork that are confusingly or substantially similar to the Pikmi Pops Marks and Pikmi Pops Works pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

    A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

    B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

    C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

    A. providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) above.

## IV.   Post-Judgment Asset Transfer and Asset Freeze Order

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rules 64 and/or 69 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiffs would have enforcing this Order, Defaulting Defendants' Frozen Assets from Defaulting Defendants' Frozen Accounts, are, to the extent that a given Defaulting Defendant's Frozen Assets equal Defaulting Defendants' Individual Damages Award, hereby released and transferred to Plaintiffs as full satisfaction of Defaulting Defendants' Individual Damages Award for that Defaulting Defendant, and those Defaulting Defendant's Frozen Assets shall be transferred by the Financial Institutions to Plaintiffs through Plaintiffs' counsel within twenty (20) business days following the service of this Order, and upon receipt by Plaintiffs' counsel of such Defaulting Defendant's Frozen Assets in full satisfaction of Defaulting Defendants' Individual Damages Award, the Financial Institution(s) holding that Defaulting Defendant's Frozen Assets and Defaulting Defendants' Frozen Accounts may unfreeze that Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts.  To the extent that a Defaulting Defendant's Frozen Assets are less than Defaulting Defendants' Individual Damages Award, that Defaulting Defendant's Frozen Assets are hereby released and transferred to Plaintiffs as partial satisfaction of Defaulting Defendants' Individual Damages Award for that Defaulting Defendant and those Defaulting Defendant's Frozen Assets shall be transferred by the

7

Financial Institutions to Plaintiffs through Plaintiffs' counsel within (20) business days following the service of this Order, and

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rules 64, 65 and/or 69 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and Rules and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiffs would have enforcing this Order, the Court also hereby grants Plaintiffs' request for a post-judgment restraining order continuing the attachment of each Defaulting Defendant's Frozen Assets until Plaintiffs have recovered the full payment of Defaulting Defendants' Individual Damages Award owed to it by that Defaulting Defendant under this Order, or until further order of this Court; and

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rules 64, 65 and/or 69 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and Rules and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiffs would have enforcing this Order, until Plaintiffs have recovered the full payment of Defaulting Defendants' Individual Damages Award owed to them by any Defaulting Defendant under this Order, in the event that Plaintiffs discover new and/or additional Defaulting Defendants' Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' Financial Accounts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional Financial Accounts," respectively), Plaintiffs shall have the ongoing authority to serve this Order on any Financial Institutions controlling or otherwise holding such Defaulting

Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts ("Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts");

A. Upon notice of this Order, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendants' Additional Financial Accounts, attach and restrain such Defaulting Defendants' Additional Assets in Defaulting Defendants' Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and

B. After twenty (20) business days following the service of this Order on Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall transfer all of Defaulting Defendants' Additional Assets to Plaintiffs as partial or full satisfaction of Defaulting Defendants' Individual Damages Award, unless Defaulting Defendant has filed with this Court and served upon Plaintiffs' counsel a request that such Defaulting Defendants' Additional Assets be exempted from this Order.

**V.   Order Authorizing Continued Alternative Service by Electronic Means**

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means that was ordered in the TRO, PI Order and Amended PI Order, shall be deemed effective as to Defendants, Financial Institutions and Third Party Service Providers through the pendency of this action.

## VI.   **Miscellaneous Relief**

1)  Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiffs' counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

2)  Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3)  The Court releases the Twenty Thousand U.S. Dollar ($20,000.00) security bond that Plaintiff submitted in connection with the action to counsel for Plaintiffs, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

4)  This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this __29__ day of ___June___, 2020 ~~2019~~, at __6:20__ p.m.

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

In accordance with Rule 69 of the Federal Rules of Civil Procedure and Section 5222 of New York State's Civil Practice Law and Rules ("CPLR"), and this Court's inherent equitable power to issue remedies ancillary to its authority to provide final relief, the Defendants are forbidden to make or suffer any sale, assignment, transfer or interference with any property in which they have an interest, except as set forth in subdivisions (h) and (i) of Section 5222 of the CPLR.  The Court also dissolves the automatic stay imposed by Rule 62 of the Federal Rules of Civil Procedure and allows for immediate enforcement of the judgment.
SO ORDERED.

10